CLEMENT DEMARON, Respondent, *v.* AMASA MARTIN, Appellant.

(County Court, Ulster County, May, 1911.)

Summary proceedings — Appeal — Death of party pending appeal — Bringing in new parties.

Where, after an appeal is taken by the tenant from a final order in summary proceedings, the respondent dies, the court will substitute his widow and heirs as parties in his place.

SUMMARY proceedings were taken before Justice of the Peace McKenzie for the removal of the appellant as tenant from certain lands.

The proceedings were tried before a jury and upon their verdict a final order, dated July 8, 1910, was granted, directing that the possession of the property be delivered to Clement Demaron the petitioner. From that final order, upon July eighteenth, an appeal was taken by the tenant. The return was thereafter filed in this court upon August thirteenth. Clement Demaron, the respondent, died upon July 24, 1910.

The appeal has been placed upon the calendar by the appellant who now moves, upon notice to the widow and heirs at law, to have them substituted as parties respondent upon this appeal.

H. H. Fleming, for appellant, in favor of said motion.

James Jenkins, for respondent, opposed.

CANTINE, J.  The motion is made under section 757 of the Code.  The widow and heirs at law appear and object to the granting of the order upon the ground that section 757 does not apply and that the proceedings should be taken under section 1298.  It has been held that section 757 applies only to actions brought in certain courts which do not include justice's court.  Matter of Camp, 81 Hun, 387.

The same reasoning will apply to section 1298, invoked by the heirs at law.  An appeal is, therefore, regularly in this court and, while in this court, one of the parties dies and there is no statutory provision authorizing the substitution of the necessary parties to make the appeal effective.

I can also find no authority directly bearing upon this proposition.  The right of appeal is given by section 2260 of the Code.  If this motion be not granted, the right given is destroyed.

I shall, therefore, hold that incidental to the right of appeal given to a party there is given to the court power to do such acts as may be necessary to make such appeal effective, there being no statute or rule of the court expressly limiting the same.  The simplest manner of substitution is that described in section 757 of the Code, and by analogy that method is adopted in this case.  Schuchardt v. Remiers, 28 How. Pr. 514.

Motion granted.